### STEPHENS v. WILKINS.

The warrant to be issued by a justice of the peace, for the collection of road taxes must be directed to the collector of taxes appointed under the provisions of the 31st section of the act of 1839; and it is only such a collector who has authority to execute such warrant.

There is no power given to any justice of the peace to issue a warrant for the collection of road taxes to the supervisors of a township, nor is there any statutory authority given them to execute it.

Where, therefore, a warrant to collect road taxes was issued by a justice of the peace, and directed to the supervisor of a township, who executed the same, *it was held,* that such warrant, being not only without statutory authority, but contrary to statutory regulation, constituted no justification to the supervisors for taking the property of a citizen under it.

IN error from the Court of Common Pleas of Wyoming county.

*July* 17. This was an action of trespass brought by Samuel Wilkins, the defendant in error, who was plaintiff below, against William Stephens, the plaintiff in error, and defendant below, to recover damages from the defendant for taking and selling certain personal property of the plaintiffs. The action was originally commenced before a justice of the peace, and came into the Court of Common Pleas by appeal. The facts of the case, and question for decision here, are stated in the opinion of this court. The jury found for the plaintiffs, and assessed his damages at $24. The defendant thereupon sued out this writ of error.

*Little,* for plaintiff in error.—A supervisor is, by virtue of his office and by necessary legal implication, collector of the road taxes. But it is not necessary to argue this question; for we have in this case express authority, by legislative enactment, for the collection of this tax by the supervisor—39th section of the act of 1834. It is precisely the same thing to a township, whether they have no treasurer elected, or, if elected, he does not qualify himself to serve. In either case, the township is without a treasurer; and this is the emergency for which the legislature intended to provide. The warrant, therefore, should have been received in evidence; and, being so admitted, it fully justifies the supervisor.

*July* 20. COULTER, J.—This is an action of trespass, to recover damages for taking personal property. Stephens was one of the supervisors of the township where Wilkins resides. And a road tax being assessed on Wilkins, notice of some kind—the nature or time of which is rather obscure in the evidence—was given him by

somebody, but not by the supervisor, to work out his tax. He declined, on some frivolous pretence, and Stephens, one of the supervisors, took his property, and sold it. For the payment of *five dollars tax*, he took a cow valued at twelve dollars, and a cutter valued at twenty-four dollars. The supervisors applied to a justice of the peace, for a warrant to levy and sell the property of Wilkins, for the purpose of paying the tax, which was granted and issued by a justice of Wyoming county. This warrant is directed to the "supervisors of roads of Nicholson township, Wyoming county." It recites the tax due by Wilkins, of five dollars, his refusal to pay, and authorizes the levy and sale of his property; and in the event of none being found, authorizes the body to be imprisoned, &c. This warrant was offered in evidence by the supervisor, to justify the taking or trespass complained of, and rejected by the court, and exception taken by the defendant. And this forms the only question in the cause; the rejection of the warrant being assigned as error. A tax collector is the agent and minister of the law; but to almost all people an unwelcome messenger. The law, whose servant he is, will therefore protect him in all proper acts done within the scope of his authority. But the rights of the citizen cannot be overlooked. Had the justice any authority to issue this warrant to the supervisors? and had they, or either of them, any authority to execute it? The 25th section of the act of 1834, authorizes the supervisors to assess a tax; and the 26th section authorizes the overseers of the poor to assess a tax. The 28th section requires the supervisors and overseers to take to their assistance the township assessor, and to enter the assessment in a book; and the 31st section authorizes and requires the supervisors and overseers, convened for that purpose, to appoint a township collector, who shall give bond, &c. And by the 39th section, where no treasurer has been elected or appointed in any township, the supervisors and overseers may appoint a suitable person to collect the tax; they being respectively responsible for the amount collected. In Nicholson township, a township treasurer was appointed or elected. Whether he ever acted or not, is rather in doubt from the evidence; but this is a matter of no consequence. He was elected; and, therefore, the case is not brought within the category of the 39th section. But even if it were so, the supervisors and overseers must designate the person; for they are responsible for his solvency and fidelity. It is to the collector appointed under the provisions of the 31st section, that a justice of the peace has authority to issue his warrant; and is only such

collector who has authority to execute it. There is no power given to any justice of the peace to issue a warrant to the supervisors of a township; nor is there any statutory authority given them to execute it. The whole arrangement and plan is complete without it. The warrant then offered in evidence in this case, was not only without statutory authority, but issued contrary to statutory regulation, and was therefore no justification for taking the property of the citizen.

Judgment affirmed.